IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                          Criminal No. 3:08CR283

SAMUEL SMITH

## MEMORANDUM OPINION

Samuel Smith, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 104) arguing that his firearm conviction is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). For the reasons set out below, the § 2255 Motion will be granted.

## I. PROCEDURAL HISTORY

As pertinent here, on July 22, 2008, Smith was charged in a Superseding Indictment with: conspiracy to obstruct, delay, and affect commerce by robbery ("conspiracy to commit Hobbs Act robbery (Count One); the Hobbs Act robbery of Cash Advance Centers of VA in Richmond, Virginia (Count Two); use, carry and brandish a firearm during and in relation to a crime of violence, to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Two (Count Three); the Hobbs Act robbery of Check Into Cash, Inc., in Richmond, Virginia (Count Four); using, carrying, and brandishing a firearm during and in relation to a crime of violence to wit, the conspiracy to commit

Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Four (Count Five); the Hobbs Act robbery of the Advance America, Cash Advance Centers in Richmond, Virginia (Count Six); and using, carrying, and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting that offense, to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Six (Count Seven). (ECF No. 22, at 1-4.)

On November 14, 2008, pursuant to a Plea Agreement, Smith pled guilty to Counts One and Seven. (ECF No. 48, at 1-2.) The Plea Agreement specified the predicate crime of violence for the firearm charge in Count Seven as the Hobbs Act conspiracy charged in Count One. Specifically, the relevant portion of the Plea Agreement provided:

> The defendant agrees to plead guilty to Counts One and Seven of the pending Superseding Indictment.
>
> . . . .
>
> b.   Count Seven charges that the defendant, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit: conspiracy to interfere with commerce by threats and violence, did knowingly and unlawfully possess and brandish, and did aid, abet, counsel, command, induce, and cause to be possessed and brandished, firearms in violation of Title 18 United States Code, Section 924(c).

(Id. at 1.)  Critically, the Plea Agreement omitted the Hobbs Act robbery charged in Count Six as a predicate crime of violence for Count Seven.

On February 18, 2009, the Court entered judgment and sentenced Smith to 240 months on Count One and 120 months on Count Seven, to be served consecutively.  (ECF No. 63, at 2.)

On June 3, 2016, Smith filed this § 2255 Motion arguing that his conviction and sentence on Count Seven must be vacated because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Initially, the Government responded by moving to dismiss the § 2255 Motion on the ground that it was barred by the statute of limitations.  As discussed below, after the Court required further briefing in light of recent decisions from the Fourth Circuit and the Supreme Court, the Government abandoned that defense.

## II.  ANALYSIS

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," id. at 2563,[1] because the Residual Clause of the ACCA, 18 U.S.C.

---

[1] The ACCA provides that

§ 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner for the reason that the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another." Id. at 2557-58 (citation omitted). Subsequently, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

In his § 2255 Motion, Smith asserts that after Johnson, conspiracy to commit Hobbs Act robbery can no longer qualify as crime of violence under 18 U.S.C. § 924(c)(3), and thus, that his conviction under Count Seven must be vacated. As explained below, recent decisions from the Supreme Court and the Fourth Circuit support Smith's challenge to Count Seven where his firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery.

---

[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause of ACCA, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

4

**A. Conspiracy To Commit Hobbs Act Robbery Cannot Serve As A Valid Predicate Crime Of Violence For The § 924(c) Charge In Count Seven**

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

At the time of Smith's conviction, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the Residual Clause of § 924(c). United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Furthermore, as explained below, the

5

Fourth Circuit has concluded that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the Force Clause. See United States v. Simms, 914 F.3d 229 (4th Cir. 2019).

In Simms, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232-33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

Id. at 233-34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. Id. at 236; accord Davis, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

In the wake Davis and Simms, in other cases before this Court, the Government has conceded that "conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for [a] § 924(c) charge" and agreed to vacating the conviction and

6

sentence. <u>United States v. Oliver</u>, No. 3:11CR63-HEH, 2019 WL 3453204, at \*3 (E.D. Va. July 30, 2019). In the present case, the Government does not dispute that the conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for the § 924(c) charge in Count Seven. (ECF No. 135, at 6.) Nevertheless, the Government contends that Smith is not entitled to relief because: (1) Count Seven is still predicated upon a valid crime of violence, the Hobbs Act robbery charged in Count Six; (2) Smith's guilty plea waived a collateral attack based on <u>Johnson</u>; and, (3) Smith procedurally defaulted any challenge to his conviction based on <u>Johnson</u>. As explained below, infra Part II.C, these arguments are unpersuasive.

**B. The Government's Abandoned Statute Of Limitations Argument**

Initially, the Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations.[2] (ECF No. 108.) However, it appears that the

---

[2] Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. As pertinent here, 28 U.S.C. § 2255(f) now reads:

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
    **(1)** the date on which the judgment of conviction becomes final;
    . . . .
    **(3)** the date on which the right asserted was initially recognized by the Supreme

Government has abandoned this argument in its Supplemental Memorandum.[3] The Government's decision not to pursue this defense is wise because it seems that Davis announced a new rule of constitutional law retroactively applicable to cases on collateral review which would entitle Smith to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).[4] Because the Government has abandoned its statute of limitation argument, the Court will not address it further.

---

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f).

[3] The Court directed the Government to file supplemental briefing in light of the Fourth Circuit's decision in Simms. The Government then sought a stay until the Supreme Court announced its decision Davis. When the Government eventually filed its Supplemental Memorandum, although it raised a number of procedural defenses, it did not renew the argument that the § 22255 Motion was barred by the statute of limitations.

[4] This provision delays the commencement of the limitation period until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court makes a case retroactive on collateral review through a single express holding or by multiple cases "if the holdings in those cases necessarily dictate the retroactivity of the new rule." Tyler v. Cain, 533 U.S. 656, 666 (2001). Welch, which held Johnson to be a new rule and retroactive, "logically permit[s] no other conclusion than that the rule [in Davis] is retroactive." Id. at 669 (O'Connor, J. concurring).

## C.   The Government's Arguments Against Granting Relief

The Government asserts that Smith is not entitled to relief because:  (1) Count Seven is still predicated upon a valid crime of violence, the Hobbs Act robbery charged in Count Six;  (2) Smith's guilty plea waived a collateral attack based on Johnson; and, (3) Smith procedurally defaulted any challenge to his conviction based on Johnson.  These arguments lack merit ·

### 1.   Count Seven Is No Longer Predicated On A Valid Crime Of Violence

Initially, the Government contends that Smith's § 924(c) conviction is still predicated upon a valid crime of violence, namely the Hobbs Act robbery charged in Count Six.  The Court agrees that Hobbs Act robbery still constitutes a valid crime of violence under the Force Clause.  See United States v. Acevedo, No. 3:05CR214, 2019 WL 3538952, at *2-3 (E.D. Va. Aug. 2, 2019) (citations omitted).  The Government, however, in drafting the Plea Agreement, chose to discard Hobbs Act robbery as a crime of violence predicate for the § 924(c) charge in Count Seven.

The Government persists that the it can still rely upon the Hobbs Act robbery because, "[b]oth the indictment and the statement of facts tie the § 924(c) count to which the defendant pled guilty to the substantive offense of interference with commerce by force." (ECF No. 135, at 3.)  The Government, however, fails to cite the Court to any authority whatsoever for the proposition that it can

rely upon those references in documents outside the Plea Agreement to broaden the basis the Plea Agreement.[5]   And, established principles regarding plea agreements do not favor the Government's argument.   See United States v. Jordan, 509 F.3d 191, 196 (4th Cir. 2007) (noting that the Government is held "to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements." (quoting United States v. Harvey, 791 F.3d 294, 300 (4th Cir. 1986))); United States v. Monroe, 580 F.3d 552, 556 (7th Cir. 2009) (observing that courts "review the language of the plea agreement objectively and hold the government

---

[5] The limited authority the Court discovered on the subject rejects the Government's position. See Benitez v. United States, Nos. 16-cv-23974-UU, 13-cr-20606-UU, 2017 WL 2271504, at *5 (S.D. Fla. Apr. 6, 2017). In that case, the pertinent § 924(c) count in the Indictment (Count Four), listed multiple predicate crimes of violence and drug trafficking crimes. Id.   The Government argued that "because the two drug offenses included in Count 4 of the indictment are unaffected by Johnson, Count 4 has not been invalidated and Movant was appropriately sentenced under § 924(c)." Id.   The Court rejected this argument because in the

> plea agreement in this case, the United States explicitly agreed that Movant was pleading guilty to a violation of § 924(c) in furtherance of a crime of violence, not a drug trafficking crime. . . . The Government is bound by the language of the plea agreement. The Government cannot now claim that Movant pled guilty to § 924(c) in furtherance of both a crime of violence and a drug trafficking offense despite the fact that the plea agreement, plea colloquy, [] and Judgment and Conviction Order do not reflect that assertion in any way.

Id. (footnote omitted) (citing United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996); United States v. Jefferies, 908 F.2d 1520, 1527 (11th Cir. 1990).

10

to the literal terms of the plea agreement" (quoting United States v. Williams, 102 F.3d 923, 927 (7th Cir. 1996))). Accordingly, on the merits, Smith has established that, as set forth in the Plea Agreement, his conviction for using, carrying, and brandishing a firearm in furtherance of a crime of violence was predicated solely on the conspiracy to commit Hobbs Act robbery charged in Count One. Under Simms conspiracy to commit Hobbs Act robbery is not a viable crime of violence for a conviction under § 924(c). Thus, in the absence of any viable procedural defense, his conviction on Count Seven must be vacated.

### 2. Smith's Guilty Plea Did Not Waive His Right To Bring His Current Challenge

Next, the Government asserts that Smith's unconditional guilty plea waives the constitutional challenge he seeks to bring in his § 2255 Motion. The Supreme Court recently examined that issue and rejected the Government's assertion in Class v. United States, 138 S. Ct. 798 (2018).[6] In Class, the Supreme Court examined, "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal [and] h[e]ld that it does not." Id.,

---

[6] The Government cites Davila v. United States, 843 F.3d 729 (7th Cir. 2016) for the proposition that Smith's guilty plea prevents Smith from challenging his conviction as unconstitutional. Davila predates the Supreme Court's decision in Class. The Government fails to acknowledge Class, much less explain why that decision does not control the outcome here.

138 S. Ct. at 803. Therefore, Smith's guilty plea itself does not foreclose Smith's current challenge to the constitutionality of the statute under which he was convicted.

Of course, as part of the plea bargaining process, "a criminal defendant may waive his right to attack his conviction and sentence collaterally [and on direct appeal], so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The Government, however, does not argue, and on this record, could not argue, that Smith explicitly waived his right to collaterally attack his conviction as part of the Plea Agreement.[7]

Even though Smith has not waived his current claim, there is one more significant hurdle to overcome. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" to excuse his procedural default. Massaro v. United States, 538 U.S. 500, 504, (2003) (citing United States v. Frady, 456 U.S. 152, 167-168 (1982); Bousley v. United States, 523 U.S. 614, 621-622 (1998)). Although Smith procedurally defaulted his present claim by failing

---

[7] As part of his Plea Agreement, Smith only agreed to waive "the right to appeal the conviction and any sentence imposed within the statutory maximum . . . on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement." (Plea Agreement ¶ 6, ECF No. 48.)

to raise it at trial and on direct appeal, as explained below, Smith demonstrates cause and prejudice to excuse his default.

### 3. Smith Has Demonstrated Cause and Prejudice To Excuse His Procedural Default

A change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" Bousley, 523 U.S. at 622 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). In Reed, the Court identified three nonexclusive situations in which an attorney may lack a "reasonable basis" to raise a novel claim:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may "overtur[n] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." And, finally, a decision may "disapprov[e] a practice this Court arguably has sanctioned in prior cases."

Reed, 468 U.S. at 17 (alterations in original) (internal citations omitted) (quoting United States v. Johnson, 457 U.S. 537, 551 (1982)).

Under Reed, Smith has shown cause for failing to assert a vagueness challenge to the Residual Clause of § 924(c) at trial or on direct appeal. The Court entered judgment on Smith's case on February 18, 2009. (ECF No. 63.) At that time the Supreme Court already had rejected a vagueness challenge to the ACCA's nearly identical Residual Clause in James v. United States, 550 U.S. 192

13

(2007). In 2011, the Supreme Court reaffirmed James in Sykes v. United States, 564 U.S. 1 (2011).

In 2015, in Johnson, the Supreme Court invalidated the ACCA's Residual Clause as unconstitutionally vague. "In doing so, the Supreme Court recognized it previously had 'rejected suggestions by dissenting Justices that the residual clause violates the Constitution's prohibition of vague criminal laws' in James and Sykes and declared '[o]ur contrary holdings in James and Sykes are overruled.'" Rose v. United States, 738 F. App'x 617, 626 (11th Cir. 2018) (quoting Johnson, 135 S. Ct. at 2556, 2563). Thereafter, the rule in Johnson was made retroactive to cases on collateral review. See Welch, 136 S. Ct. at 1268.

If Smith were challenging ACCA's Residual Clause his "case [would] fall[] within the first situation identified in Reed: when the Supreme Court ultimately invalidated the residual clause as unconstitutionally vague in Johnson in 2015, it 'explicitly overrule[d]' two of its own precedents on the exact same issue." Rose, 738 F. App'x at 627 (third alteration in original) (quoting Reed, 468 U.S. at 17).

Nevertheless, given the similarity between the ACCA's Residual Clause and § 924(c)'s Residual Clause, Smith satisfies the third circumstance identified in Reed: the decision in Johnson disapproved "a practice [the Supreme] Court arguably has sanctioned in prior cases." Reed, 468 U.S. at 17 (quoting

Johnson, 457 U.S. at 551). "[T]he Supreme Court's jurisprudence prior to Johnson effectively foreclosed any attacks on § 924(c)(3)(B). The Supreme Court's 'sanction of the prevailing practice' of concluding risk of force/injury statutes were not unconstitutional was fairly direct." Lee v. United States, Nos. CV-16-8138-PCT-JAT (JFM), CR-05-0594-PCT-JAT, 2018 WL 4906327, at *17 (D. Ariz. July 6, 2018), report and recommendation adopted as modified sub nom. Lee v. USA, Nos. CV-16-08138-PCT-JAT, CR-05-594-PCT-JAT, 2018 WL 4899567 (D. Ariz. Oct. 9, 2018) (citations omitted); see Dota v. United States, 368 F. Supp. 3d 1354, 1362 (C.D. Cal. 2018) ("It was only after the Supreme Court invalidated the residual clause of the ACCA in Johnson, and certainly after the Supreme Court invalidated the identically worded residual clause of § 16(b), that Petitioner's current claim—that the residual clause of § 924(c)(3)(B) was unconstitutionally vague—lost its novelty."); Royer v. United States, 324 F. Supp. 3d 719, 736 (E.D. Va. 2018). Thus, in 2009, Smith did not have a "reasonable basis" upon which to raise a vagueness challenge to the Residual Clause of 924(c). Reed, 468 U.S. at 17. "And as a result, his failure to do so 'is sufficiently excusable to satisfy the cause requirement.'" Rose, 738 F. App'x at 627 (quoting Reed, 468 U.S. at 17).

In order to demonstrate prejudice, Smith must show a "reasonable probability" that, without the error, the result of

the proceedings would have been different. <u>Strickler v. Greene</u>, 527 U.S. 263, 289 (1999). It is now plain that the Court erroneously treated conspiracy to commit Hobbs Act robbery as a viable predicate for Smith's § 924(c) conviction. That error added 120 months to Smith's sentence. Therefore, Smith has demonstrated prejudice. <u>Royer</u>, 324 F. Supp. 3d at 736.

Finally, the Government argues that if the Court concludes that Smith's § 924(c) convictions is invalid, "it should reform the conviction to the lesser-included offense" of Hobbs Act robbery and resentence him accordingly. (ECF No. 135, at 9.) The Court is not convinced that such a practice is authorized or appropriate. Moreover, as explained above, Smith's § 924(c) conviction was predicated upon conspiracy to commit Hobbs Act robbery. Smith already has been convicted and sentenced for conspiracy to commit Hobbs Act robbery. The Government fails to explain how the Court could impose another sentence for that offense without running afoul of the Double Jeopardy Clause. Accordingly, the Court rejects the Government's request to reform Smith's conviction on Count Seven.

## III. CONCLUSION

Smith's § 2255 Motion (ECF No. 104) will be granted. Smith's conviction and sentence on Count Seven will be vacated. Within fourteen days of the date of entry hereof, the parties shall file

their position as to whether the Court needs to conduct a full resentencing or may simply enter a corrected judgment. The Motion to Dismiss (ECF No. 108) will be denied.

The Clerk is directed to send a copy of Memorandum Opinion to counsel of record.

It is so ordered.


_____ /s/ _____
Robert E. Payne
Date: September 24, 2019   Senior United States District Judge
Richmond, Virginia