IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:08CR283

SAMUEL SMITH

**MEMORANDUM OPINION**

Samuel Smith, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 104) arguing that his firearm conviction is invalid under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). By Memorandum Opinion and Order entered on September 25, 2019, the Court granted Smith's § 2255 Motion. Additionally, the Court directed the parties, within fourteen (14) days of the date of entry thereof, to file their position as to whether the Court needs to conduct a full resentencing or may simply enter a corrected judgment. (ECF Nos. 143, 144.) Smith filed his position that the Court should simply entered a corrected judgment. The Government, inexplicably, failed to respond. For the reasons set forth below, the Court will enter a corrected judgment.

**I. PROCEDURAL HISTORY**

As pertinent here, on July 22, 2008, Smith was charged in a Superseding Indictment with: conspiracy to obstruct, delay, and affect commerce by robbery ("conspiracy to commit Hobbs Act robbery

(Count One); the Hobbs Act robbery of Cash Advance Centers of VA in Richmond, Virginia (Count Two); use, carry and brandish a firearm during and in relation to a crime of violence, to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Two (Count Three); the Hobbs Act robbery of Check Into Cash, Inc., in Richmond, Virginia (Count Four); using, carrying, and brandishing a firearm during and in relation to a crime of violence to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Four (Count Five); the Hobbs Act robbery of the Advance America, Cash Advance Centers in Richmond, Virginia (Count Six); and using, carrying, and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting that offense, to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Six (Count Seven). (ECF No. 22, at 1-4.)

On November 14, 2008, pursuant to a Plea Agreement, Smith pled guilty to Counts One and Seven. (ECF No. 48, at 1-2.) The Plea Agreement specified the predicate crime of violence for the firearm charge in Count Seven as the Hobbs Act conspiracy charged in Count One. (Id. at 1.) Critically, the Plea Agreement omitted the Hobbs Act robbery charged in Count Six as a predicate crime of violence for Count Seven.

On February 18, 2009, the Court entered judgment and sentenced Smith to 240 months on Count One and 120 months on Count Seven, to be served consecutively. (ECF No. 63, at 2.)

On June 3, 2016, Smith filed his § 2255 Motion arguing that his conviction and sentence on Count Seven must be vacated because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). By Memorandum Opinion and Order entered on September 25, 2019, the Court granted Smith's § 2255 Motion and vacated his conviction and sentence on Count Seven.

## II. ANALYSIS

The United States Court of Appeals for the Fourth Circuit has explained that,

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (footnote omitted) (citing 28 U.S.C. § 2255(b)). "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." Id. at 665 (citations omitted) (internal quotation marks omitted). Here, as Smith agrees, that goal is met simply by entering a new judgment reflecting the vacatur of Smith's

conviction and sentence on Count Seven. Smith already was sentenced to the statutory maximum sentence for Count One. Accordingly, contemporaneous with the issuance of this Memorandum Opinion and Order the Court will enter a corrected judgment reflecting only Smith's conviction and sentence on Count One.

The Clerk is directed to send a copy of Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 17, 2019
Richmond, Virginia